**Jerry WORD, Plaintiff–Appellant,**

v.

**UNITED STATES of America, Defendant–Appellee.**

**No. 03–2430.**

United States Court of Appeals, Sixth Circuit.

Sept. 16, 2004.

* The Honorable George C. Steeh, U.S. District Judge for the Eastern District of Michigan sitting by designation.

Jerry Word, FCI, Estill, SC, pro se.

Krishna S. Dighe, U.S. Attorney's Office, Detroit, MI, for Defendant–Appellee.

Before SUTTON and COOK, Circuit Judges; and ALDRICH, District Judge.*

## ORDER

Jerry Word, a pro se federal prisoner, appeals a district court judgment dismissing his "Petition for Relief from Judgment," purportedly filed pursuant to 28 U.S.C. §§ 1331, 1367(a), and 1651(a). This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

In his petition, Word asserted that his 18 U.S.C. § 922(g) conviction was invalid because a probation officer and an Assistant United States Attorney had conspired to commit a fraud upon the court by advocating that a 1976 federal drug conviction could be considered in calculating his guideline range of imprisonment. After the government filed a response, the district court dismissed the petition for lack of jurisdiction. This appeal followed.

Whether the district court has authority to resentence a defendant is a question of law subject to de novo review. *United States v. Ross*, 245 F.3d 577, 585 (6th Cir.2001). A district court may only modify an imposed sentence of imprisonment pursuant to 28 U.S.C. § 2255, 28 U.S.C. § 2106, or Fed.R.Crim.P. 35. *See* 18 U.S.C. § 3582(c)(1)(B); *Ross*, 245 F.3d at 586.

Upon de novo review, we conclude that the district court properly dismissed the petition for lack of jurisdiction. The district court did not have jurisdiction under § 2255 because Word had previously exercised his right to file a § 2255 motion to vacate, set aside, or correct sentence and did not meet the gatekeeping requirements for filing a second § 2255 motion. *See* 28 U.S.C. § 2255. The district court did not have jurisdiction under § 2106 because the action was not before the court after remand from a higher court. Finally, the district court did not have jurisdiction under either subpart of Rule 35. The seven-day period following sentencing had passed for correcting arithmetical, technical, or other clear error, and the government had not moved for a reduction in Word's sentence based upon substantial assistance. *See* Fed.R.Crim.P. 35(a), (b).

Accordingly, all pending motions are denied and the district court's judgment is affirmed. Rule 34(j)(2)(C), Rules of the Sixth Circuit.

---

* The Honorable Ann Aldrich, United States District Judge for the Northern District of Ohio, sitting by designation.